Ruffin, C. J.
If the case depended upon the correctness of the latter parts of the instructions, the judgment would be reversed ; as Lord Coke states very explicitly in *364 2 Inst. 435, that albeit the wife doth not continually remain in adultery with the adulterer, yet if she be with him and commit adultery, it is a tarrying within the statute 13 Ed. 1, ch. 34, which is re-enacted in Rev. Stat. ch. 121, Sec. 11; and that, if she once remain with theadulterer in adultery, and after he keepeth her against her will, or if the adulterer turn her away, yet she shall be said morari cum adultero, within the Statute. The case of Hetherington v. Graham, 6 Bing. 135 is also a clear authority and upon sound reason, that there need not be any adultery, before the wife leaves the husband, nor any elopement with the man, with whom she afterwards commits adultery, but that she is barred 'by adultery with any person, entirely super-venient on a separation by mutual consent. There was evidence, which, in the opinion of the Court, tended to prove an act of adultery with a negro after the separation, though he is not identified to be the same one, with whom the plaintiff was guilty, while living with her husband; and that case the authorities shew to be within the Statute, provided it was also within if, in respect to the cause of her leaving her husband and his house. As to that, it seems clear upon the evidence, and stands admitted in the first part of the instructions prayed, that the husband ordered or drove her away. That being so, it appears to the Court, that the plaintiff cannot be said to have willingly left her husband; but that, on the contrary, she left him against her will, and by his compulsion, and therefore the case is not within the act, though she afterwards committed adultery with a new or former adulterer. That being so, all the other instructions became immaterial, and any error in them ought not to produce a reversal of the judgment.
The words of the act are in the conjunctive, and plain in themselves ; and in such a case it would seem tobe the province of the Court to receive and carry them into execution, according to their obvious meaning. Therefore, apparently, *365 the ingredient that the wife should willingly leave her husband, was in every case essential to the bar of the dower, given by the Statute. But it is yielded, that, as our Statute is bufe a re-enactment of an ancient one in England, the interpretation put on the original judicially, or by a commentator so wary and wise as Loud Coke, ought to be authoritative as to the construction of ours. Some passages in Lord Coke’s reading on the Stat. West. 2 have been relied on to shew, that it is not material, whether she left the husband willingly or not; and hence it is imferred, that even the compulsion of the husband makes no difference. But the passages do not seem at all to authorize that inference. They are, that “albeit the words be in the disjunctive, yet if the woman be taken away, not sponte, but against her will, and after consent, and remain with the adulterer, &c., she shall lose her dower; for the cause of the bar of her dower is not the manner of the going away, but the remaining with the adu)„ terer in avowtry and then he states a case, in which a man had made a sale and conveyance, by deed, of his wife to another man, whereon it was pleaded in bar, to a writ of dower, quia 7'ecessit a marito suo in vita sua, et vixit ut adultera cum &c.; and upon a demurrer to a replication of the husband’s deed, it was adjudged for the defendant. Now those two cases are entirely distinct from the present, and seem no way analogous to it. In the latter case, there was no compulsion on the wife by any one — either the adulterer or the husband. Nothing like it can be implied from any part of the pleadings, the deed, or Lord Coke’s statement. But the contrary is apparent, namely, that the woman went willingly, for it is stated, just after the passage above quoted, and in contrast with it, as a case, in which she left sponte, while in the other it was otherwise; the words being, “if the wife goeth away” — not by compulsion of her husband, but with her husband’s consent and agreement with A. B., and after A. B. commit adultery with *366 ■ber and she remains with him, she shall be hatred of her dower.” That, therefore, is only a ease, where both parties were willing she should leave, and, in fact, it was as much the wife’s act as the husband’s, and was, indeed, the authority on which that precise position was adjudged in Hetherington v. Graham. The defendant’s case seems to derive as little support from the other passage. The case under Lord Coke’s consideration was obviously that of the forcible abduction of a woman, by some other man, contrary alike to her own and her husband’s will, and her consent afterwards to live in adultery with her violator; and it is in reference to that case it is said, she loses her dower, fpr the ■cause of the bar of her dower, is not the manner of the going •away, but the remaining with the adulterer. That is founded on good reason; for the husband was in no manner accessory to her dishonor, and she did finally, though not ■at first, consent to it. But it cannot be supposed, that Lord Coke would put on the same footing a case, in which a husband aided in forcing his wife to submit to the violation of her ■person, by one, who took her way against her will, though, ■after her degradation, she night continue to live with the ravisher. Nor can it be more reasonably -collected as his opinion that, any case of compulsory expulsion of the wife by her husband, could possibly be deemed her leaving and going away willingly. The two propositions are directly contradictory in'.terms; and n® one could suppose such a case within the words or meaning of the Jaw, if the expulsion were wanton and unprovoked. In such a case, the subsequent adultery would be regarded as a natural consequence of the husband’s wrong, and he could take no benefit from it, nor deprive his wife of any. But, it is .said, this was nota wrong done to the woman, but it was an act, merited by her depravity and baseness, and demanded by his honor: and it is true, there¿_eould be no greater injury inflicted on the rights or feelings of the husband, than that *367 perpetrated by this woman. But the Court has no right to be wise beyond the Legislature, and make a law for a hard case, nor, which is the same thing, bring such a case within a statute, the words of which will cover if, and which was made diverso intuitzi. The laws must be framed, and construed upon general principles, and not vary to meet contingencies, not in the contemplation of the Legislature. Therefore, the construction of the act cannot be influenced by the fact, that the husband drove this woman away, by reason, that, committing the particular adultery, which was her offence, she descended to the lowest depths of infamy, more than if it had been for any other cause, as drunkeness, profanity, ungovernable temper, furious passions, and violent assaults, which rendered her society an intolerable annoyance, and made his life burdensome. Now, for these several acts, a husband may be more or less excusable, in the eye of morality and the law, in refusing to co-habit with his wife, and expelling her from his house, so as to have it in quiet to himself and the other members of his family. But that is not the point. It is, on the contrary, very different. By the common law, a wife was entitled to dower, though she were an adulteress. A statute was then made, whereby she was not deprived of dower, merely by committing adultery, but was barred of it, if she willingly left her husband, and afterwards lived away from him, and committed adultery. Adultery, previous to her elopement or departure, is not alluded to in the statute, and cannot control the construction. If that had been intended to be a bar, or to affect the bar, why did not the statute confine itself at once to adultery simply? Instead of doing so, the object of the act is adultery, subsequent to the willing leaving of the husband. It was very fairly argued at first, that the case contemplated in the act, was not only that expressly mentioned, in which the wile willingly left the husband, but that also the un *368 worthiness of the husband was to be implied. That, however, is settled otherwise, and it is held, that if they concur in separating, the case is within the act. But no case can be found, in which the woman did not leave the husband willingly, but did so unwillingly, and, moreover, by the compulsion of the husband himself, in which it was held against the wife, nor is there any dictum to give color to the proposition.